UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTALINA FARRINGTON,

     Plaintiff,

v.                                 Case No:   6:15-cv-1630-Orl-40TBS

THORNE RESEARCH, INC. and
WILLIAM C. MCCAMY, III ,

     Defendants.
_____

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Motion to Dismiss with Prejudice or, Alternatively, for Leave to Submit Settlement Agreement for *In Camera* Review (Doc 17). After due consideration, I respectfully recommend that the motion be granted in part and denied in part.

Plaintiff Christalina Farrington was employed by Defendant Thorne Research, Inc. ("Thorne"), to market vitamins and nutritional supplements (Doc. 2, ¶¶ 6-7).   She was paid a base, with an expectation of commissions in the future (Id., ¶¶ 9-10).   Plaintiff excelled at her job and Thorne's president, Defendant William C. McCamy, III ("McCamy"), promised her significant commissions on future sales (Id., ¶¶ 18-19). Plaintiff did not receive commissions and when she asked why, Defendants subjected her to abuse, and a reduction in her base (Id., ¶¶ 20-28).   On February 16, 2015, Thorne terminated Plaintiff (Id., ¶ 33).

Plaintiff brings this action alleging in Count I that Thorne misclassified her and other similarly situated persons as independent contractors; in Count II that Defendants committed fraud by making false representations to her about commissions to be paid to

her; in Counts III and IV that Defendants breached contracts with Plaintiff by failing to pay her commissions; in Count V unjust enrichment; in Count VI retaliatory discharge in violation of Fla. Stat. § 448.102; in Count VII, the failure to pay minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 26 U.S.C. § 201 *et seq.*; and in Count VIII, that Defendants failed to pay Plaintiff overtime in violation of the FLSA (Doc. 2).

The parties went to mediation and on November 17, 2015, the mediator docketed a report stating that the case had been completely settled (Doc. 15).   Because Plaintiff's complaint includes two counts for violation of the FLSA, I entered an Order *sua sponte*, directing the parties to file their settlement agreement for review and approval pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982) and its progeny (Doc. 16).   In Lynn's Foods, the United States Court of Appeals for the Eleventh Circuit explained that an FLSA claim can be settled and resolved in two ways.   First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.   29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982).   Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement.   Lynn's Food Stores, Inc., 679 F.2d at 1353.

Before approving a settlement, the district court must scrutinize the parties' settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.   Id. at 1354-55.   If the settlement reflects a reasonable compromise of issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation."   Id. at 1354.   In determining whether a settlement is fair and reasonable, the Court considers

the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

In their joint response to my Order, Plaintiff stipulates that had Thorne classified her as an employee, she would have been exempt from the FLSA based upon the outside salesperson exemption (Doc. 17 at 2).

> The term "outside sales employee" is defined as any employee:
>
> (1) Whose primary duty is:
>
>> (i) making sales within the meaning of section 3(k) of the Act, or
>> (ii) obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and
>
>> (2) Who is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty.

29 C.F.R. § 541.500(a). "Primary duty" is further defined in 29 C.F.R. § 541.700:

> To qualify for exemption ..., an employee's "primary duty" must be the performance of exempt work. The term "primary duty" means the principal, main, major or most important duty that the employee performs. Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole. Factors to consider when determining the primary duty of an employee include, but are not limited to, the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's

relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

The regulatory scheme governing outside sales employees provides additional guidance concerning the meaning of "making sales or obtaining orders" and "promotional work." 29 C.F.R. § 541.501 defines "making sales or obtaining orders" as follows:

(b) Sales within the meaning of section 3(k) of the Act include the transfer of title to tangible property, and in certain cases, of tangible and valuable evidences of intangible property. Section 3(k) of the Act states that "sale" or "sell" includes any sale, exchange, contract to sell, consignment for sale, shipment for sale, or other disposition.

(c) Exempt outside sales work includes not only the sales of commodities, but also "obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer." Obtaining orders for "the use of facilities" includes the selling of time on radio or television, the solicitation of advertising for newspapers and other periodicals, and the solicitation of freight for railroads and other transportation agencies.

(d) The word "services" extends the outside sales exemption to employees who sell or take orders for a service, which may be performed for the customer by someone other than the person taking the order.

Gregory v. First Title of Am., Inc., 555 F.3d 1300, 1302-03 (11th Cir. 2009).

Plaintiff has also affirmed that "she has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to her except as provided" in the parties' settlement agreement (Doc. 17 at 2-3). Based upon Plaintiff's stipulation and affirmance, the parties contend that this case does not present a bona fide dispute under the FLSA, and that Court approval of their settlement is not required (Id., at 6-7). Alternatively,

because their settlement agreement includes a confidentiality provision, the parties propose to submit it for *in camera* review by the Court (Id., at 7-8).

Based upon the parties' representations, I find that Plaintiff has not compromised an FLSA claim.   To the contrary, she has stipulated that while employed by Thorne, she was exempt from and not covered by the FLSA.   Because Plaintiff agrees that she was not protected by the FLSA, there can be no FLSA claim.   See Shields v. Broadstar Commc'ns, LLC, No. 6:13-cv-1764-Orl-40GJK, 2015 U.S. Dist. LEXIS 42704 (M.D. Fla. 2015).   The Court's jurisdiction is based upon the FLSA claims.   Because there are none, the Court is without jurisdiction and therefore, I **RESPECTFULLY RECOMMEND** that:

(1) The parties' motion to dismiss the case with prejudice be **GRANTED**; and that

(2) The remainder of the motion be **DENIED**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on December 7, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:
Presiding United States District Judge
Counsel of Record